UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

Jannet Dennard Law,

    Plaintiff,

v.                                                                          CASE NUMBER:

Carnival Corporation, a foreign corporation,

    Defendant,                                      /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jannet Dennard Law, sues Defendant, Carnival Corporation, for damages and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a citizen of Florida and was a passenger aboard the CARNIVAL ECSTASY on January 29, 2016.

2. Defendant, Carnival Corporation, a foreign corporation, is doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. Carnival's principal place of business is in Florida.

3. Defendant, Carnival Corporation, operated the vessel CARNIVAL ECSTASY on cruises from Miami, Florida, to Key West and Mexico.

4. Plaintiff's claim is a maritime personal injury claim.

5. Jurisdiction is proper under 28 U.S.C. § 1333.

6. Venue is proper under 28 U.S.C. § 1391, and also due to the forum selection clause contained within the Defendant's cruise ticket.

**COUNT I – NEGLIGENT FAILURE TO MAINTAIN**

### AND MONITOR THE SHIP IN A REASONABLY SAFE CONDITION FOR ITS PASSENGERS

7. Plaintiff, Jannet Dennard Law, was a passenger on the CARNIVAL ECSTASY on January 29, 2016.

8. Defendant, Carnival Corporation, has the duty to use reasonable care under the circumstances when operating its cruise. This duty includes the duty to properly maintain the ship's elevators in a reasonably safe condition for use by its passengers.

9. On January 29, 2016, Jannet Dennard Law was on the main deck of the CARNIVAL ECSTASY. She went to enter the elevator, and when she did the elevator doors suddenly and unexpectedly slammed on her shoulders, trapping her in the door frame. The doors of the elevator did not spring back open upon hitting her body as a properly working elevator normally would. Other passengers both inside and outside of the elevator helped to pry the doors from her, and were eventually able to open the doors enough to push her into the elevator.

10. Based on information and belief, the CARNIVAL ECSTASY had experienced some problems with one or more of the ship's elevators as recent as December 27, 2016, less than a month prior to Plaintiff's injury. Defendant knew or should have known by reasonable inspection that the elevator which injured Plaintiff was malfunctioning or due for servicing or repair.

11. As a result of being slammed by and trapped in the doors, Plaintiff sustained injuries to her shoulders, neck, and upper back.

12. Defendant Carnival was negligent because its crew failed to properly maintain the elevator, by failing to inspect it with a reasonable frequency, and failing to properly service and repair the elevator when it or other elevator(s) on the ship was/were knowingly

malfunctioning or needed service.  An elevator that was operating properly would not have closed on the plaintiff or any other person.  Upon detecting a person in the doorway, the elevator doors would have remained open.

14.     As a direct and proximate result of the Defendant's negligence, Plaintiff, Jannet Dennard Law, suffered injuries to her shoulders, neck, upper back, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing case and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Jannet Dennard Law prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00), including prejudgment and post judgment interest and costs.  Plaintiff demands a trial by jury.

### COUNT II – NEGLIGENT FAILURE TO WARN

15.     Plaintiff, Jannet Dennard Law, was a passenger on the CARNIVAL ECSTASY on January 29, 2016.

16.     Defendant, Carnival Corporation, has the duty to use reasonable care under the circumstances when operating its cruise.  This duty includes the duty to warn its passengers of known or foreseeable dangers that passengers may encounter on the ship.

17.     On January 29, 2016, Jannet Dennard Law was on the Main deck of the CARNIVAL ECSTASY.  She went to enter the elevator, and when she did the elevator

doors suddenly and unexpectedly slammed on her shoulders, trapping her in the door frame.  The doors of the elevator did not spring back open upon hitting her body as a properly working elevator normally would.  Other passengers both inside and outside of the elevator helped to pry the doors from her, and were eventually able to open the doors enough to push her into the elevator.

18. Based on information and belief, the CARNIVAL ECSTASY had experienced some problems with one or more of the ship's elevators as recent as December 27, 2016, less than a month prior to Plaintiff's injury.  Defendant knew or should have known by reasonable inspection that the elevator which injured Plaintiff was malfunctioning or due for repair.

19. As a result of being slammed by and trapped in the doors, Plaintiff sustained injuries to her shoulders, neck, and upper back.

20. Defendant Carnival was negligent because its crew failed to reasonably warn the Plaintiff of the dangerous condition, which was a malfunctioning elevator door. Defendant did not place any warning signs, or crewmembers, which would have alerted Plaintiff to the hazardous condition of the malfunctioning elevator door, and did not rope off or otherwise block the door from use upon knowing it was malfunctioning.

21. Defendant either knew, or in exercise of reasonable care should have known, of the hazardous condition of the malfunctioning door. This is because Defendant had problems with one or more of the ship's elevators less than a month prior to the incident involving Ms. Law.  It is foreseeable to Defendant Carnival that people will be using the elevator, and may become injured by the doors if it were to malfunction while a passenger was attempting to walk into or out of the elevator.

22. As a direct and proximate result of the Defendant's negligence, Plaintiff, Jannet Dennard Law, suffered injuries to her shoulders, neck, upper back, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing case and treatment, loss of earnings and loss of ability to earn money and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff Jannet Dennard Law prays for a judgment to be entered against the Defendant, Carnival Corporation, for compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00), including prejudgment and post judgment interest and costs.  Plaintiff demands a trial by jury.

Dated January 10, 2017.

/s/ Jacob J. Munch
JACOB J. MUNCH
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff, Law*